IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02338-BNB

IZILE LEE DANIELS,

    Plaintiff,

v.

DENVER DIST. COURTS DEPT. #15,
COUNTY DISTRICT ATTORNEY,
DAVID LAMB,
HONORABLE JUDGE JOHN W. MADDEN, IV,
PUBLIC DEFENDER ROBERT HALPERN,
P.D. EMILY FLEISCHMAN, and
P.D. CHARLES LEIDNER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 29 2011

GREGORY C. LANGHAM
    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED PLEADING

Plaintiff, Izile Lee Daniels, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Daniels initiated this action by filing *pro se* a pleading titled Petition for Violation of Constitutional Rights Under the 14th, 6th, and 5th Amendments (Doc. #1). On September 12, 2011, the court entered an order directing Mr. Daniels to cure certain deficiencies if he wished to pursue his claims in this action. More specifically, the court directed Mr. Daniels either to pay the filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* and to file a pleading on the proper form. On September 26, 2011, Mr. Daniels filed two slightly different versions of a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. ##3 & 6) and two

slightly different versions of a Prisoner Complaint (Doc. ##4 & 5).

The court must construe the Prisoner Complaints liberally because Mr. Daniels is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Daniels will be ordered to file an amended pleading on the proper habeas corpus application form if he wishes to pursue his claims challenging the validity of his conviction and sentence in this action.

The court has reviewed the Prisoner Complaints and finds that the claims Mr. Daniels is asserting properly are asserted in a habeas corpus action pursuant to 28 U.S.C. § 2254 rather than in a civil rights action pursuant to 42 U.S.C. § 1983. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").

In the original petition filed in this action, Mr. Daniels asserted one claim that he was denied the effective assistance of counsel in connection with a state court guilty

plea and he asserted one or more claims apparently challenging the constitutionality of the Colorado sex offender treatment program. In the Prisoner Complaints filed on September 26, 2011, Mr. Daniels contends that he accepted a plea deal based on the assumption that his attorneys, who are named as Defendants in the Prisoner Complaints, had investigated an alleged assault. He specifically asserts three claims for relief alleging that he was falsely accused and convicted, that the police reports are not accurate, and that his attorneys lied about the investigations they conducted. The relief Mr. Daniels requests in the Prisoner Complaints is to have his sentence reevaluated and amended.

Based on the relief Mr. Daniels seeks in the Prisoner Complaints, it appears that Mr. Daniels is challenging the validity of a state court conviction and sentence. As a result, his claims properly are asserted pursuant to 28 U.S.C. § 2254 and he must file an amended pleading on the proper habeas corpus application form. Mr. Daniels is advised that, for each habeas corpus claim he asserts in the amended pleading, he must identify the specific federal constitutional right that allegedly has been violated and he must provide specific factual allegations in support of each asserted claim. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Daniels must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Furthermore, these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. **See Mayle v. Felix**, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Finally, because the only

3

proper respondent in a habeas corpus action is the applicant's custodian, *see* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995), Mr. Daniels is advised that he must name his custodian as the Respondent in the amended pleading he files. Accordingly, it is

ORDERED that Mr. Daniels file **within thirty (30) days from the date of this order** an amended pleading on the proper habeas corpus application form that complies with this order. It is

FURTHER ORDERED that Mr. Daniels shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Daniels fails within the time allowed to file an amended pleading on the proper habeas corpus application form as directed, the action will be dismissed without further notice.

DATED September 29, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02338-BNB

Izile Lee Daniels
Prisoner No. 136697
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 29, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk